## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIM. ACT. NO. 1:22-cr-227-TFM-N |
| ) | |
| FREDERICK NORVILLE MOORE ) | |
| ) | |

## ORDER

Pending before the Court are the Unopposed Motion to Continue Guilty Plea Hearing (Doc. 27, filed 2/28/23) and the Unopposed Motion to Continue Proceedings (Doc. 28, filed 2/28/23). The case was set for a change of plea hearing on March 1, 2023 and for jury selection on March 6, 2023. For the reasons set forth below, the motions are **GRANTED**. The Change of Plea hearing is **RESCHEDULED** for **March 9, 2023 at 1:00 p.m.** and the trial is continued pursuant to 18 U.S.C. § 3161(h) to the **April 2023 trial term**.

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act ("Act"), 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes certain delays from the seventy-day period including delays based upon "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other things, whether denial likely would "result in a miscarriage of justice" or "would deny

counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(i), (iv).

Defense counsel represents he was unable to confer with his client to review the plea agreement as the Defendant is currently in quarantine at the facility where he is detained. Consequently, he will be unable to attend the scheduled change of plea hearing and is also unable to confer with defense counsel to review the final plea agreement.

After careful consideration, the Court finds that the ends of justice served by continuing this trial outweigh the best interests of the public and Defendant's right in a speedy trial. Failure to grant the continuance would result in a miscarriage of justice, deprive Defendant of advice of counsel at an essential stage in the proceedings, and deny Defendant and his counsel adequate time to prepare for pretrial proceedings and trial, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(i), (iv).

For good cause shown, the Court finds that a continuance of trial is appropriate pursuant to 18 U.S.C. § 3161. Accordingly, the motions to continue (Docs. 27, 28) are **GRANTED** and trial is **CONTINUED** from the March 2023 criminal term to the **April 2023** criminal trial term. The change of plea hearing is rescheduled for **March 9, 2023 at 1:00 p.m.**

The Clerk is directed to refer this matter to the Magistrate Judge to schedule a pretrial conference during the month of **March 2023** should the change of plea not be finalized.

**DONE** and **ORDERED** this 28th day of February, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE